**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOMIESHOP PROPERTIES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 26-cv-4321 |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff, HOMIESHOP PROPERTIES, L.L.C. ("Plaintiff"), respectfully submits this application to file under seal the following documents until the hearing on Plaintiff's Application for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order or further order of the Court:

(1)    Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores;

(2)    Screenshot printouts showing the Defendant Internet Stores (Exhibit 2 to the Declaration of David Gonzales); and

(3)    Results from Panoramic Consulting Ltd.'s investigation of all Defendant Internet Stores' seller names, URLs, addresses, and phone numbers (Exhibit 1 to the Declaration of Yingchun Hou).

1

Plaintiff has provisionally filed unredacted versions under seal pending the Court's resolution of this motion.

In this action, Plaintiff is requesting *ex parte* relief based on claims for trademark counterfeiting. Sealing the requested documents is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying lawsuit and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its Schedule A attached to the Complaint, Exhibit 2 to the Declaration of David Gonzales, and Exhibit 1 to the Declaration of Yingchun Hou under seal. *See, e.g.*, *WowWee Grp. Ltd. v. Meirly*, No. 1:18-cv-00706 (S.D.N.Y. Feb. 5, 2018), Dkt. No. 7 (granting application to seal); *Allstar Mktg. v. _GB Housewear Store*, No. 1:17-cv-07596 (S.D.N.Y. Oct. 12, 2017), Dkt. No. 22 (same); *Spin Master Ltd. v. Alan Yuan's Store*, No. 1:17-cv-07422 (S.D.N.Y. Oct. 13, 2017), Dkt. No. 19 (same); *Kipling Apparel Corp. v. Rhys*, No. 1:16-cv-990 (S.D.N.Y. Feb. 17, 2016), Dkt. No. 14 (same).

2

Dated:       May 22, 2026                    Respectfully,

                                             */s/ Christopher Tom*
                                             Christopher Tom
                                             Boies Schiller Flexner LLP
                                             55 Hudson Yards
                                             New York, NY 10001
                                             (212) 446-2300
                                             ctom@bsfllp.com

                                             *Attorney for Plaintiff,* HOMIESHOP
                                             PROPERTIES, L.L.C.


Application GRANTED.  As ordered in the TRO, Plaintiff shall file a letter regarding the continuing need for sealing of these documents when (1) there is no longer a need to keep them under seal or (2) within fourteen days, whichever is earlier.  The Clerk of Court is directed to terminate ECF No. 11.

   SO ORDERED.

May 27, 2026

3